**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY E. THOMAS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1208-CR-377 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Evan S. Roberts, Judge
Cause No. 20D01-1006-FC-19

**February 19, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Anthony Thomas appeals the trial court's revocation of his placement in a work release center. We affirm.

**Issue**

Thomas raises one issue, which we restate as whether the trial court abused its discretion by revoking his placement in a work release center.

**Facts**

On June 22, 2010, the State charged Thomas with Class C felony battery resulting in bodily injury to a pregnant woman, Class D felony domestic battery with a child present, Class D felony strangulation, Class A misdemeanor domestic battery, and Class D felony domestic battery with a prior conviction. Thomas pled guilty to Class D felony domestic battery with a child present, and the trial court sentenced him to three years suspended to probation to be consecutive to his sentence from another case.

On December 14, 2011, the State filed a petition alleging that Thomas had violated the terms of his probation by testing positive for marijuana, and Thomas admitted the violation. On May 31, 2012, the trial court revoked his probation and ordered him to serve the three-year suspended sentence. However, the trial court recommended placement in a work release center if Thomas qualified.

On June 14, 2012, the work release center notified the trial court that, on June 8, 2012, Thomas tested positive for marijuana. The work release center could not send him to work knowing that he had tested positive for an illegal drug. The work release center placed Thomas on restriction but would consider him for participation when he submitted

a negative urine screen. The trial court issued a bench warrant for Thomas's arrest. At a hearing on the matter, Thomas again admitted to violating the terms of his probation, and the trial court ordered that Thomas complete the balance of his sentence at the Department of Correction. Thomas now appeals.

**Analysis**

Thomas argues that the trial court abused its discretion by revoking his placement in a work release center. Thomas argues that, instead of placement in the Department of Correction, the trial court should have continued his placement in the work release center.

Both probation and community corrections programs serve as alternatives to commitment to the Department of Correction, and both are made at the sole discretion of the trial court. McQueen v. State, 862 N.E.2d 1237, 1242 (Ind. Ct. App. 2007) (citing Cox v. State, 706 N.E.2d 547, 549 (Ind. 1999)). A defendant is not entitled to serve a sentence in either probation or a community corrections program. Id. "Rather, placement in either is a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" Id. (quoting Cox, 706 N.E.2d at 549). A revocation of community corrections placement hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. Id. We will consider all the evidence most favorable to the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. Id. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of community corrections, we will affirm its decision to revoke placement. Id.

3

According to Thomas, the trial court should have ordered a continuation of the work release placement because he did not have a prior positive drug test on work release, he did not have behavioral problems on work release, and the State did not request removal from the program. However, the trial court was well within its discretion to revoke Thomas's placement in the work release program here. Thomas had previously had his probation revoked for a positive drug test, and the trial court gave Thomas the chance to serve his suspended sentence on work release. Shortly thereafter, he tested positive for marijuana again. Given Thomas's repeated violations, the trial court did not abuse its discretion when it ordered Thomas to serve the remainder of his suspended sentence in the Department of Correction rather than in a work release program.

### Conclusion

The trial court properly ordered Thomas to serve the remainder of his suspended sentence in the Department of Correction. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.

4